## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DOMENIC LOBELLO,<br>individually and on behalf of the classes<br>defined below, | ) ) ) | FILED: MAY 21, 2008 |
| | ) | 08CV2958      TC |
| Plaintiff, | ) ) | JUDGE ANDERSEN |
| | ) | MAGISTRATE JUDGE ASHMAN |
| v. | ) ) | |
| ASSET ACCEPTANCE LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Domenic Lobello  brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Asset Acceptance LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15  U.S.C. §1692 et seq. ("FDCPA").   The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15  U.S.C. §§1692d, 1692e, 1692f and 1692g.

2.      Plaintiff also alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

3.      Specifically, plaintiff complains that defendant Asset Acceptance LLC misrepresents the rate of interest it is adding to purported debts.  Plaintiff also asserts an individual claim against Asset Acceptance LLC for filing a lawsuit against plaintiff on a debt which had not been validly assigned to it.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

1

5.    Venue and personal jurisdiction over defendant in this District is proper because defendant's conduct occurred here, and defendant does business here.

## PARTIES

6.    Plaintiff Domenic Lobello is an individual who resides in the Northern District of Illinois.

7.    Defendant Asset Acceptance LLC is a limited liability company organized under Delaware law with its  principal place of business located in Michigan.  It does business in Illinois.  Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.    Asset Acceptance LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

9.    Asset Acceptance LLC pays pennies on the dollar for the debts it purchases.

10.    According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 3), "From January 1, 1997 through December 31, 2006, we have purchased 740 consumer debt portfolios, with an original charged-off face value of $27.0 billion for an aggregate purchase price of $579.4 million, or 2.14% of face value, net of buybacks."

11.    Asset Acceptance LLC regularly files lawsuits to attempt to collect the debts.

12.    Asset Acceptance LLC is a debt collector as defined in the FDCPA.

13.    Asset Acceptance LLC filed more than 500 lawsuits per month in the Circuit Court of Cook County during 2007.

14.    According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 31), "During 2006, legal cash collections constituted 39.3% of total cash collections compared to

2

35.8% for 2005. Legal collections continue to increase as a percentage of total collections. This trend is a result of an increase in the volume of suits initiated over the last couple of years."

15.     The "legal cash collections" mean collections through filing lawsuits.

## FACTS

16.     On or about March 28, 2008, Asset Acceptance LLC filed a lawsuit against Domenic Lobello in the Circuit Court of Cook County.

17.     A copy of the complaint and exhibits is in <u>Appendix A</u>.  There were two exhibits attached to the one-page complaint, a purported "affidavit of claim" (<u>Appendix A</u>, <u>Exhibit A</u>) and a purported "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>).

18.     The one-page complaint and "affidavit of claim" represent that Asset Acceptance, LLC is entitled to $9774.06.

19.     The "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>) states that the $9774.06 consists of the principal amount of the debt is $8005.37, plus interest of $1731.84 due as of March 5, 2008.  The two amounts total $9774.06.

20.     The "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>) states that  the interest represents a rate of 24.00%.

21.     The "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>) states that the debt was purchased on November 19, 2007, or 107 days prior to the date of the statement..

22.     Interest of $1731.84 on a principal of $8005.37 for a period of 107 days is 63.41%, not 24.00%.

23.     None of the other dates on the "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>) is consistent with a 24% interest rate and interest of $1731.84.

24.     The statement that the rate of interest is 24% is false.

25.     Other "statements of account" filed by Asset Acceptance LLC likewise contain false statements of the rate of interest.

26.     Between November 13, 2007 and March 31, 2008, Asset Acceptance LLC

filed more than 1,000 "statements of account" in the Circuit Court of Cook County.

27.    On information and belief, based on analysis of random "statements of account," they regularly misstate the rate of interest if the rate is anything other than zero.

## CLASS ALLEGATIONS

28.    Plaintiff bring this claim on behalf of a class, consisting of (a) all natural persons (b) with respect to whom defendant Asset Acceptance LLC filed a lawsuit (c) in the Circuit Court of Cook County, (d) between November 13, 2007 and March 31, 2008 (Count I) or January 1, 2008 and March 31, 2008 (Count II), (e) attaching a document stating a rate of interest applied on the account (f) other than zero.

29.    The class is so numerous that joinder is impracticable.

30.    There are more than 1,000 natural persons with respect to whom defendant Asset Acceptance LLC filed a lawsuit in the Circuit Court of Cook County, between January 1, 2008 and March 31, 2008, attaching a document stating a rate of interest applied on the account other than zero.

31.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendant misrepresented the rate of interest being applied.

32.    Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

33.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34.    A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

## COUNT I – CLASS FDCPA CLAIM

4

35.    Plaintiff incorporates paragraphs 1-34.

36.    Defendant's representation of the rate of interest constitutes a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt  (§1692e(10)).

37.    Defendant may also have added unauthorized interest, in violation of 15 U.S.C. §§1692f and 1692f(1).

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.    Statutory damages;

b.    Actual damages;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems proper.

## COUNT II  – ILLINOIS COLLECTION AGENCY ACT  – CLASS CLAIM

38.    Plaintiff incorporates paragraphs 1-34

39.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

40.    Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."  Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".  By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

41.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . .  (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

5

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

42.    A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

43.    Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

  a. Compensatory, nominal and punitive damages;

  b. Costs.

  c. Such other and further relief as is appropriate.

## COUNT III  – FDCPA   – INDIVIDUAL CLAIM

44.    Plaintiff incorporates paragraphs 1-27 and 39-40.

45.    Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if**

the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .

46.    Furthermore, the assignment must be attached to the complaint.  <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

47.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . "   735 ILCS 5/2-403(a).

48.    On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

49.    Defendant filed a collection lawsuit against plaintiff subsequent to January 1, 2008  without compliance with ICAA §8b and, therefore, without a valid claim.

50.    Defendant  knew or should have known that it did not have a valid claim.

51.    The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

52.    Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D.Ala.  1987),  "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay  has been a violation of the FDCPA.

53.     In addition, by filing suit defendant misrepresents that it has proper title to the debt and the right to file suit, when this is not true.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

a.     Statutory damages;

b.     Actual damages;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other and further relief as the Court deems proper.

## COUNT IV – ILLINOIS COLLECTION AGENCY ACT

54.     Plaintiff incorporates paragraphs 1-26, 39-40 and 45-50.

55.     Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

56.     Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> . . .**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.   . . .**

57.     A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

a.     Compensatory, punitive and nominal damages, as appropriate;

b.     Costs.

c.     Such other and further relief as is appropriate.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs

8

James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\21385\Pleading\Complaint -- federal -- interest_Pleading.WPD

## NOTICE OF LIEN

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

10

08CV2958        TC
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

# APPENDIX A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT

08M1125656

ASSET ACCEPTANCE LLC     FILED-13   No. 3

                           )   Amount Claimed: $9774.06

Plaintiff        08 MAR 27 PM 2:42   )   Plus interest and court costs.

                             )

v.          CLERK OF THE CIRCUIT COURT   Return Date:    MAY 1 2008
                   CIVIL DIVISION

                             )         CLERK

DOMENIC LOBELLO         DOROTHY BROWN   )

                             )

                             )

Defendant                        )

                             )

## VERIFIED COMPLAINT AT LAW

ASSET ACCEPTANCE LLC, a Delaware Limited Liability Company, doing business in Cook County, Illinois, ("Plaintiff"), by and through counsel, complains of, DOMENIC LOBELLO ("Defendant"), as follows:

     1.      Pursuant to 735 ILCS 5/2-403, Plaintiff is proceeding in this cause as the Assignee of HSBC CONSUMER LENDING USA.

     2.      HSBC CONSUMER LENDING USA and Defendant entered into a Cardmember Agreement ("Agreement"), wherein HSBC CONSUMER LENDING USA issued a credit card number ████████8794 to Defendant and Defendant agreed to pay all amounts charged by the use of the credit card.

     3.      Upon information and belief Defendant resides in Cook, County Illinois

     4.      Thereafter, Defendant incurred charges by use of the credit card.

     5.      As set forth in the Affidavit of Plaintiff, attached hereto, and there is due and owing from Defendant to Plaintiff the sum of $9774.06, of which no part has been paid, although duly demanded.

WHEREFORE, Plaintiff ASSET ACCEPTANCE LLC, demands a judgment against the Defendant, DOMENIC LOBELLO in the sum of $9774.06 plus interest and court costs.

Respectfully submitted,
ASSET ACCEPTANCE LLC
Plaintiff herein,

_____
Sanjay S. Jutla
Allen Gunn
Staff Attorneys

Sanjay S. Jutla, Esq.
Allen Gunn, Esq.
Attorneys for Plaintiff
55 E. Jackson 16th Floor
Chicago, IL 60604
(800) 465-2608
Attorney No. 41246

35515448

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | | |
|---|---|---|
| ASSET ACCEPTANCE LLC | ) | No.   08M1125656 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOMENIC LOBELLO | ) | |
| ▉▉▉▉▉▉▉▉ | ) | |
| ▉▉▉▉▉▉▉ | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF CLAIM

I, Cheryl L. Wojcicki, being first duly sworn upon my oath depose and state as follows:

That I am the Support Lead of ASSET ACCEPTANCE LLC, a Limited Liability Company organized and existing under the laws of the State of Delaware and doing business at P.O. Box 2036 Warren, MI 48090.

That there is justly due and owing on the account by the Defendant to the Plaintiff the sum of $9774.06 to date.

That the said account originally with HSBC CONSUMER LENDING USA, account number ▉▉▉▉▉8794, has been purchased by ASSET ACCEPTANCE LLC who now owns said account and has all rights connected therewith including the right to institute this action.

After careful review of the account record for the above named Defendant from the Department of Defense Manpower Data Center it has been found that the Defendant is not in the military.

FURTHER THE AFFIANT SAYETH NAUGHT.

*Cheryl L. Wojcicki*

CHERYL L. WOJCICKI, SUPPORT LEAD

SUBSCRIBED AND SWORN TO
Before me this 17th day of
March , 2008

*June Yy*

NOTARY PUBLIC

OFFICIAL SEAL
TAMARA YOUNG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02/21/10

EXHIBIT

A

35515448

<u>**EXHIBIT B**</u>



| ACCOUNT NUMBER | CURRENT BALANCE |
|---|---|
| ████████8794 | $9774.06 |
| STATEMENT DATE | DUE DATE |
| MAR 05 2008 | DUE |
| Payments received will be credited to your account | |

**ASSET ACCEPTANCE LLC**
P.O. Box 909886
Chicago, IL 60690

PLEASE WRITE IN AMOUNT OF
PAYMENT ENCLOSED        $

DOMENIC LOBELLO


**IMPORTANT:** PLEASE DETACH AND RETURN TOP
PORTION OF STATEMENT WITH CHECK OR MONEY ORDER.

IF ADDRESS AS SHOWN ABOVE IS INCORRECT,
PLEASE INDICATE CHANGE

| ACCOUNT NUMBER | DATE OF LAST PAYMENT |
|---|---|
| ████8794 | 04/28/06 |

| DATE | REFERENCE NO | ACCOUNT INFORMATION | BALANCE DUE |
|---|---|---|---|
| MAR 05 2008 | 35515448 | BALANCE DUE<br>ASSET ACCEPTANCE LLC, A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, ASSIGNEE OF / HSBC CONSUMER LENDING USA<br>P.O. Box 909886, Chicago, IL 60690 | $9774.06 |

| DATE OF DELINQUENCY | PURCHASED ON | PRINCIPAL AMOUNT | INTEREST RATE |
|---|---|---|---|
| 06/04/06 | 11/19/2007 | $8005.37 | 24.00% |

| SERVICE ADDRESS (IF APPLICABLE) | INTEREST DUE AS OF MAR 05 2008 |
|---|---|
| | $1731.84 |

FOR PROMPT CREDITING OF PAYMENTS, PLEASE
SEND CHECK OR MONEY ORDER TO:

ASSET ACCEPTANCE LLC
P.O. Box 909886
Chicago, IL 60690

OR CALL ONE OF OUR ACCOUNT
REPRESENTATIVES AT:

TOLL FREE 800-455-2554

| DUE DATE | MINIMUM PAYMENT |
|---|---|
| DUE | $9774.06 |

SEND INQUIRIES TO:
ASSET ACCEPTANCE LLC
P.O. Box 909886
Chicago, IL 60690

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

**EXHIBIT**

# B

35515448