IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC LOBELLO, individually and on behalf of the classes defined below, | ) ) ) | |
| Plaintiff, | ) | Case No.: 08 CV 2958 |
| v. | ) ) | Judge: Andersen |
| ASSET ACCEPTANCE, LLC, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES Defendant ASSET ACCEPTANCE, LLC, by its attorneys David M. Schultz and Jennifer W. Weller, and for its Answer to Plaintiff's Complaint, states as follows:

1.    Plaintiff Domenic Lobello brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Asset Acceptance LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U. S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER:**    Defendant admits that Plaintiff purports to state claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), denies that it has violated the FDCPA and denies the remaining allegations contained in paragraph 1.

2.    Plaintiff also alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:**    Defendant admits the Plaintiff purports to allege a violation of the Illinois Collection Agency Act, however, Defendant denies that the Act applies or that plaintiff has stated a claim pursuant to the Act.

3.    Specifically, plaintiff complains that defendant Asset Acceptance LLC misrepresents the rate of interest it is adding to purported debts. Plaintiff also asserts an

individual claim against Asset Acceptance LLC for filing a lawsuit against plaintiff on a debt which had not been validly assigned to it.

**ANSWER:**   Defendant admits the plaintiff makes certain allegations and in further answering, denies each and every allegation.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. § I1692k (FDCPA).

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations because plaintiff's claims may be subject to an arbitration clauses contained in his loan agreement.  Defendant further denies that this Court should exercise jurisdiction over Plaintiff's state law claims.

5.   Venue and personal jurisdiction over defendant in this District is proper because defendant's conduct occurred here, and defendant does business here.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 because plaintiff's claims may be subject to an arbitration clause in his loan agreement.

## PARTIES

6.   Plaintiff Domenic Lobello is an individual who resides in the Northern District of Illinois.

**ANSWER:**   Defendant admits only that its business records contain a Norridge, Illinois address for Plaintiff.

7.   Defendant Asset Acceptance LLC is a limited liability company organized under Delaware law with its principal place of business located in Michigan. It does business in Illinois. Its registered agent and office within Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6334078v1 889317

**ANSWER:**    Defendant admits the allegations contained in paragraph 7.

8.    Asset Acceptance LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers.

**ANSWER:**    Defendant admits that it engages in the collection of consumer debt and denies the remaining allegations contained in paragraph 8.

9.    Asset Acceptance LLC pays pennies on the dollar for the debts it purchases.

**ANSWER:**    Defendant denies the allegations contained in paragraph 9 because it denies Plaintiff's characterization of its business.

10.    According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 3), "From January 1, 1997 through December 31, 2006, we have purchased 740 consumer debt portfolios, with an original charged-off face value of $27.0 billion for an aggregate purchase price of $579.4 million, or 2.14% of face value, net of buy backs."

**ANSWER:**    Defendant admits that paragraph 10 quotes a sentence from the Form 10-K filed by Asset Acceptance Capital Corp. for the year ending December 31, 2006.

11.    Asset Acceptance LLC regularly files lawsuits to attempt to collect the Asset Acceptance LLC is a debt collector as defined in the FDCPA.

**ANSWER:**    Defendant admits it files lawsuits for collection of debts, however, Defendant denies the remaining allegations because it does not know what Plaintiff means by "regularly".

12.    Asset Acceptance LLC is a debt collector as defined in the FDCPA.

6334078v1 889317

**ANSWER:**    Defendant admits that for some purposes it is a debt collector, however, Defendant is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector pursuant to the Plaintiff because it does not know the purpose for which Plaintiff incurred the debt at issue.

13.    Asset Acceptance LLC filed more than 500 lawsuits per month in the Circuit Court of Cook County during 2007.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    According to the annual report on SEC Form 10-K for the year ending December 31, 2006 filed by its parent Asset Acceptance Capital Corporation (original page 31), "During 2006, legal cash collections constituted 39.3% of total cash collections compared to 35.8% for 2005. Legal collections continue to increase as a percentage of total collections. This trend is a result of an increase in the volume of suits initiated over the last couple of years."

**ANSWER:**    Defendant admits the quoted statement is contained in Asset Acceptance Capital Corp.'s 10-K filing for the year ending December 31, 2006.

15.    The "legal cash collections" mean collections through filing lawsuits.

**ANSWER:**    Defendant denies that "legal cash collections" is defined in the referenced Form 10-K.

<u>**FACTS**</u>

16.    On or about March 28, 2008, Asset Acceptance LLC filed a lawsuit against Domenic Lobello in the Circuit Court of Cook County.

**ANSWER:**    Defendant admits the allegations contained in paragraph 16.

17.    A copy of the complaint and exhibits is in <u>Appendix A</u>. There were two exhibits attached to the one-page complaint, a purported "affidavit of claim" (<u>Appendix A, Exhibit A</u>) and a purported "statement of account" (<u>Appendix A. Exhibit B</u>).

**ANSWER:**    Defendant admits that the Verified Complaint at Law purports to be attached as Appendix A and admits that the Verified Complaint at Law contained Exhibit A and B and denies the remaining allegations because they attempt to mischaracterize the documents.

18.    The one-page complaint and "affidavit of claim" represent that Asset Acceptance, LLC is entitled to $9774.06.

**ANSWER:**    Defendant admits that the Verified Complaint states that "there is due and owing from Defendant to Plaintiff the sum of $9,774.06," and the Affidavit of Claim states "there is justly due and owing on the account by the Defendant to the Plaintiff the sum of $9,774.06 to date."    Defendant denies the remaining allegations to the extent they are inconsistent with the referenced documents.

19.    The "statement of account" (<u>Appendix A, Exhibit B</u>) states that the $9774.06 consists of the principal amount of the debt is $8005.37, plus interest of $1731.84 due as of March 5, 2008. The two amounts total $9774.06.

**ANSWER:**    Defendant states that the referenced documents speak for themselves, admits that Exhibit B of the Verified Complaint states the "principal" amount of $8,005.37 and interest due of $1,731.84 for a total balance due of $9,774.06.    Defendant denies the remaining allegations to the extent they are inconsistent with the referenced exhibit.

20.    The "statement of account" (<u>Appendix A</u>, <u>Exhibit B</u>) states that the interest represents a rate of 24.00%.

5

**ANSWER:** Defendant admits that Exhibit B states that the interest rate is 24% and denies the remaining allegations to the extent they are inconsistent with the referenced documents.

21.    The "statement of account" (Appendix A, Exhibit B) states that the debt was purchased on November 19, 2007, or 107 days prior to the date of the statement.

**ANSWER:** Defendant states that the referenced document speaks for itself and admits that it contains the language "purchased on 11/19/2007" and denies the remaining allegations to the extent they are inconsistent with the referenced document.

22.    Interest of $1731.84 on a principal of $8005.37 for a period of 107 days is 63.41%, not 24.00%.

**ANSWER:** Defendant denies that Plaintiff accurately computes the interest rate for the referenced account and accordingly denies paragraph 22.

23.    None of the other dates on the "statement of account" (Appendix A, Exhibit B) is consistent with a 24% interest rate and interest of $1731.84.

**ANSWER:** Defendant denies the allegations contained in paragraph 23.

24.    The statement that the rate of interest is 24% is false.

**ANSWER:** Defendant denies the allegations contained in paragraph 24.

25.    Other "'statements of account" filed by Asset Acceptance LLC likewise contain in false statements of the rate of interest.

**ANSWER:** Defendant denies the allegations contained in paragraph 25.

6334078v1 889317

26.    Between November 13, 2007 and March 31, 2008, Asset Acceptance LLC filed more than 1,000 "statements of account" in the Circuit Court of Cook County.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.    On information and belief, based on analysis of random "statements of account," they regularly misstate the rate of interest if the rate is anything other than zero.

**ANSWER:**    Defendant denies the allegations contained in paragraph 27.

## CLASS ALLEGATIONS

28.    Plaintiff bring [sic] this claim on behalf of a class, consisting of (a) all natural persons (b) with respect to whom defendant Asset Acceptance LLC filed a lawsuit (c) in the Circuit Court of Cook County, (d) between November 13, 2007 and March 31, 2008 (Count I) or January 1, 2008 and March 31, 2008 (Count II), (e) attaching a document stating a rate of interest applied on the account (f) other than zero.

**ANSWER:**    Defendant admits that Plaintiff purports to bring a claim on behalf of a class, denies the class exists or that one should be certified and accordingly denies the allegations contained in paragraph 28.

29.    The class is so numerous that joinder is impracticable.

**ANSWER:**    Defendant admits that Plaintiff purports to bring a claim on behalf of a class, denies the class exists or that one should be certified and accordingly denies the allegations contained in paragraph 29.

30.    There are more than 1,000 natural persons with respect to whom defendant Asset Acceptance LLC filed a lawsuit in the Circuit Court of Cook County, between January 1, 2008 and March 31, 2008, attaching a document stating a rate of interest applied on the account other than zero.

6334078v1 889317

**ANSWER:**     Defendant admits that Plaintiff purports to bring a claim on behalf of a class, denies the class exists or that one should be certified and accordingly denies the allegations contained in paragraph 30.

31.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant misrepresented the rate of interest being applied.

**ANSWER:**     Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in paragraph 31.

32.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**     Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in paragraph 32.

33.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**     Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in paragraph 33.

34.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:**     Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in paragraph 34.

## COUNT I - CLASS FDCPA CLAIM

35.     Plaintiff incorporates paragraphs 1-34.

6334078v1 889317

**ANSWER:**    For its answer to paragraph 35, Defendant restates and realleges its answers to paragraphs 1 through 34 as fully set forth herein.

36.    Defendant's representation of the rate of interest constitutes a false representation or means in connection with the collection of any debt (§ 1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt (§1692e(10)).

**ANSWER:**    Defendant denies each and every allegation contained in paragraph 36.

37.    Defendant may also have added unauthorized interest, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

**ANSWER:**    Defendant denies the allegations contained in paragraph 37.

WHEREFORE, Defendant, ASSET ACCEPTANCE, LLC, respectfully requests that this Court enter judgement in its favor and against the Plaintiff on Plaintiff's Complaint.

## COUNT II - ILLINOIS COLLECTION AGENCY ACT - CLASS CLAIM

38.    Plaintiff incorporates paragraphs 1-34.

**ANSWER:**    For its answer to paragraph 38, Defendant restates and reincorporates its answers to paragraphs 1 through 34 as fully set forth herein.

39.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:**    Defendant denies the allegations contained in paragraph 39.

40.    Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... Buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same". By deleting "with recourse," the legislature intended to classify as a "collection agency persons such as the defendant who buy charged-off debts for their own account.

9

**ANSWER:**     Defendant admits only that Section 425/3(d) states "A person, association, partnership, corporation or other legal entity acts as a collection agency when he or it: (d) buys accounts, bills or other indebtedness and engages in collecting the same."  Defendant denies plaintiff cites all relevant provisions of the Act and denies each and every remaining allegation contained in paragraph 40.

41.     Defendant violated the following provisions of 225 ILCS 425/9:

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. ..**

**(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt ....**

**(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement.....**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

**ANSWER:**     Defendant denies each and every allegation contained in paragraph 41.

42.     A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic,</u> 74 Ill. App. 3d 21, 392 N .E.2d 154 (1st Dist. 1979).

**ANSWER:**     Defendant denies the allegations contained in paragraph 42.

43.     Plaintiff was damaged as a result.

**ANSWER:**     Defendant denies the allegations contained in paragraph 43.

6334078v1 889317

WHEREFORE, Defendant, ASSET ACCEPTANCE, LLC, respectfully requests that this Court enter judgement in its favor and against the Plaintiff on Plaintiff's Complaint.

## COUNT III - FDCPA - INDIVIDUAL CLAIM

44.     Plaintiff incorporates paragraphs 1-27 and 39-40.

**ANSWER:**     For its answer to paragraph 44, Defendant restates and reincorporates its answers to paragraphs 1 through 27 and 39 through 40 as if fully set forth herein.

45.     Section 8b of the ICAA provides:

**Sec.8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

> **(a)     The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**
>
> > **(i) the effective date of the assignment; and**
> >
> > **(ii) the consideration for the assignment.**
>
> **(b)     The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**
>
> **(c)     All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**
>
> **(d)     No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**
>
> **(e)     No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that**

**satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law....**

**ANSWER:**     Defendant admits paragraph 45 quotes a portion of 225 ILCS 425/8b, and denies that it is applicable.


46.     Furthermore, the assignment must be attached to the complaint. <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

**ANSWER:**     Defendant denies the allegations contained in paragraph 46.


47.     Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title ...." 735 ILCS 5/2-403(a).

**ANSWER:**     Defendant denies the allegations contained in paragraph 47.


48.     On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

**ANSWER:**     Defendant denies the allegations contained in paragraph 48.


49.     Defendant filed a collection lawsuit against plaintiff subsequent to January 1, 2008 without compliance with ICAA §8b and, therefore, without a valid claim.

**ANSWER:**     Defendant denies the allegations contained in paragraph 49.


50.     Defendant knew or should have known that it did not have a valid claim.

**ANSWER:**     Defendant denies the allegations contained in paragraph 50.


51.     The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

6334078v1 889317

**ANSWER:**    Defendant denies the allegations contained in paragraph 51.

52.    Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D.Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

**ANSWER:**    Defendant denies the allegations contained in paragraph 52.

53.    In addition, by filing suit defendant misrepresents that it has proper title to the debt and the right to file suit, when this is not true.

**ANSWER:**    Defendant denies the allegations contained in paragraph 53.

WHEREFORE, Defendant, ASSET ACCEPTANCE, LLC, respectfully requests that this Court enter judgement in its favor and against the Plaintiff on Plaintiff's Complaint.

## COUNT IV - ILLINOIS COLLECTION AGENCY ACT

54.    Plaintiff incorporates paragraphs 1-26, 39-40 and 45-50.

**ANSWER:**    For its answer to paragraph 54, Defendant restates and realleges its answers to paragraphs 1 through 27, 39 through 40 and 45 through 50 as if fully set forth herein.

55.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein.

**ANSWER:**    Defendant denies the allegations contained in paragraph 55.

56.    Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

> **... (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...**

**ANSWER:**    Defendant denies the allegations contained in paragraph 56.

13

57.    A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N. E.2d 154 (1st Dist. 1979).

**<u>ANSWER:</u>**    Defendant denies the allegations contained in paragraph 57.

WHEREFORE, Defendant, ASSET ACCEPTANCE, LLC, respectfully requests that this Court enter judgement in its favor and against the Plaintiff on Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    For its first affirmative defense, defendant states that plaintiff has failed to state a claim pursuant to the FDCPA or ICFA because defendant lawfully attempted to collect interest that was permitted by law and/or the agreement creating the debt.  15 U.S.C. § 1692f(1). Defendant further states that as assignee of Plaintiff's debt, defendant stepped into the shoes of Plaintiff's original creditor and is entitled to collect the interest that Plaintiff's original creditor was entitled to collect.  *See Olivera v. Blitt & Gaines, P.C.*, 431 F.3d 285, (7th Cir. 2005).

2.    For its second affirmative defense, defendant asserts that plaintiffs' claims are barred by the litigation privilege and doctrine of absolute witness immunity.

3.    For its third affirmative defense, defendant states that additional affirmative defenses may exist as to individual class members such as the voluntary payment doctrine, claims subject to bankruptcy, the Rooker-Feldman doctrine or other defenses.

4.    For its fourth affirmative defense, defendant states that under the Noerr Pennington doctrine, Asset is immune from suit under the FDCPA for pursuing state court litigation against plaintiff.

5.    For its fifth affirmative defense, defendant states that plaintiffs have failed to state a claim pursuant to the Illinois Collection Agency Act because the Act's attorney exemption demonstrates that it does not govern litigation or pleadings.  In addition, Asset was not acting as a "collection agency" with respect to retaining counsel to file a lawsuit.

6.    For its sixth affirmative defense, defendant states that some or all of plaintiffs and the class members claims may be barred by res judicata or collateral estoppel to the extent judgments were obtained against them.

7.    To the extent that Plaintiffs seek excessive punitive damages, that claim is barred by the Due Process Clause of the United States Constitution.

6334078v1 889317

8.      For its eighth affirmative defense, defendant states that plaintiff's complaint fails to state a claim pursuant to Section 8b of the ICAA because that section does not apply to assignments in which ownership is transferred but only applies to "assignments for collection." Defendant further states that Section 8b does not require an assignment be attached to a collection complaint and denies that a private right of action exists under the Act.

9.      For its ninth affirmative defense, defendant states that the FDCPA cannot be used to enforce a state law claim.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/*Jennifer W. Weller*
        Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6334078v1 889317

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Domenic Lobello, individually and on behalf of the classes defined below, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 C 2958 |
| v. | ) ) | Judge: Andersen |
| Asset Acceptance, LLC, | ) ) | Magistrate Judge Ashman |
| Defendant. | ) ) | |

## NOTICE OF FILING

TO:  Daniel A. Edelman, Cathleen M. Combs
      Francis R. Greene, and James O. Latturner
      Edelman, Combs, Latturner & Goodwin, LLC
      120 South LaSalle Street, 18th Floor
      Chicago, IL 60603

PLEASE TAKE NOTICE that on **July 16, 2008,** we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant's **ANSWER TO COMPLAINT**, in connection with the above entitled cause, a copy of which is attached hereto.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

s/ *Jennifer W. Weller*
Jennifer W. Weller

6341164v1 889317

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2008,** I electronically filed the above and foregoing **NOTICE OF FILING and ANSWER TO COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

HINSHAW & CULBERTSON LLP

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

s/ *Jennifer W. Weller*
Jennifer W. Weller

6341164v1 889317